UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
WDNC Civil Action No. 5:25-cv-00154-KDB-SCR

| | | |
|---|---|---|
| BONNIE ALEMETA-CHRISTINA TOLLEY, as Administrator of the ESTATE OF TIMOTHY CRAIG SETZER, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF HICKORY, Officer AARON CAINE TRAVIS, in his individual and official capacities, Officer AUSTIN RYAN STEELE, in his individual and official capacities, and Officer ISAM GAMAL SHAMSELDIN, in his individual and official capacities, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

NOW COME Defendants The City of Hickory, Officer Aaron Caine Travis, Officer Austin Ryan Steele, and Officer Isam Gamal Shamseldin, (collectively "Defendants"), by and through undersigned counsel, and hereby respond to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Defendants plead all applicable immunities to which they are entitled to by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity, qualified immunity, public official immunity, and the public

duty doctrine.

## SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

This Court lacks subject matter and personal jurisdiction under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civile Procedure.

## FOURTH DEFENSE AND ANSWER

Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## INTRODUCTION

The contents of this paragraph do not call for a response, so no response is required. To the extent this paragraph doe

## NATURE OF THE CASE

1. Defendants admit that the Complaint purports to assert various claims against Defendants but Defendants expressly deny liability under any claim or cause of action. Except as admitted, the allegations are denied.

2. The first sentence is a legal conclusion to which no response is required. The remaining allegations in this paragraph are denied.

2

4905-8955-9153, v. 1

3. The first sentence is denied. It is admitted Officer Travis admitted he did not see a weapon prior to firing upon Mr. Setzer. It is admitted a firearm was discovered after the incident in the area behind Mr. Setzer's body. Except as admitted, denied.

4. Denied.

5. It is admitted that the Setzer sustained multiple gunshot wounds resulting from this incident and died. Except as admitted, this paragraph is denied.

## JURISDICTION, VENUE & PARTIES

6. The first sentence is admitted. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed necessary, denied.

7. Denied, due to lack of information or belief.

8. Denied, due to lack of information or belief.

9. Denied, due to lack of information or belief.

10. It is admitted that the Hickory Police Department is a municipal law enforcement agency in Catawba County, North Carolina. Except as admitted, the remaining allegations are legal conclusions to which no response is necessary. To the extent a response is deemed to be required, denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

4905-8955-9153, v. 1

15. Admitted.

16. Admitted.

17. This paragraph does not contain any allegations, so a response is not required. To the extent a response is deemed necessary, denied.

18. This paragraph does not contain any allegations, so a response is not required. To the extent a response is deemed necessary, denied.

19. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent a response is deemed to be required, denied.

20. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent a response is deemed to be required, denied.

21. The allegations contained in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is deemed to be required, denied.

22. The allegations contained in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is deemed to be required, denied.

23. Admitted.

24. Admitted.

25. Admitted.

### WAIVER OF GOVERNMENTAL IMMUNITY

26. The allegations of this paragraph are legal conclusions to which no response is necessary. To the extent a response is deemed to be required, denied.

4905-8955-9153, v. 1

27. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

28. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

29. It is admitted that the named Defendants were employed by the city at this time of this incident. The remainder of this paragraph calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

30. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

31. It is admitted that Defendant City acquired and maintained liability insurance. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, denied as stated.

32. Denied.

33. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

34. It is admitted that Defendant City acquired and maintained liability insurance. It is admitted the City's insurers were placed on notice of this claim and provided information about the claim. The remaining allegations in this paragraph are denied.

4905-8955-9153, v. 1

35. It is admitted Plaintiff, through counsel, sent a settlement demand to Defendants for a value within their policy limits. Except as admitted, denied.

36. It is admitted that there was no agreement settlement. Except as admitted, denied.

37. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

38. This paragraph calls for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

39. The allegations of this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, denied as stated.

## FACTS

### *Events that Occurred on August 13, 2023*

### Dispatch Radio about Suspected Gunfire

40. Admitted.

41. Admitted.

42. Admitted.

43. It is admitted officers did not have the suspect's name or age at the time they were dispatched. It is admitted dispatch indicated suspect was a white male wearing a jacket, yelling, and walking west on the 700 block of 2nd Avenue SW. Except as admitted, denied.

44. It is admitted Officer Steele was the first officer to contact Mr. Setzer. The second sentence is admitted. The third sentence is admitted. Except as admitted, denied.

4905-8955-9153, v. 1

45. It is admitted Officer Steele did not see a firearm in Mr. Setzer's hands when he arrived and that Mr. Setzer did not threaten Officer Steele. Except as admitted, denied.

46. Admitted.

47. Admitted.

48. It is admitted that Setzer continued to walk away from Officer Steele and then began to flee on foot. It is also admitted that Officer Steele gave additional commands. Except as admitted, denied.

49. It is admitted Mr. Setzer did not make threats, brandish a weapon, or commit any acts of violence against Officer Steele prior to fleeing on foot. Except as admitted, denied.

**The Chase and Shooting Incident**

50. The first sentence is denied. It is admitted that Officer Steele and Officer Shamseldin both chased Mr. Setzer after he started running. It is admitted Officer Shamseldin had his firearm drawn when he pursued Mr. Setzer on foot west down 1st Avenue SW, Hickory. Except as admitted, denied.

51. Admitted.

52. Defendant Shamseldin denies recalling exactly what he said. It is admitted upon information and belief that Officer Shamseldin said words to that effect while pursuing Mr. Setzer. Except as admitted, denied.

4905-8955-9153, v. 1

53. It is admitted that Officers Steele and Shamseldin chased Mr. Setzer, and the chase ended in a parking lot on the corner of 1st Avenue SW, Hickory and 10th Street SW, Hickory. Except as admitted, denied.

54. It is admitted there was a small retaining wall by the parking lot. It is admitted Officer Travis and his trainee, Officer Faison, were in a patrol vehicle and were driving next to Mr. Setzer and Officers Steele and Shamseldin around the time when Mr. Setzer got to the parking lot. Except as admitted denied.

55. Denied.

56. Denied.

57. It is admitted Officers Steele and Shamseldin opened fire on Mr. Setzer, but they do not recall how far they were when shots were fired. Except as admitted, denied.

58. It is admitted Officer Travis fired at Mr. Setzer through the open window while seated in the passenger seat of his vehicle. Except as admitted, denied.

59. Denied for lack of information or belief.

60. Denied as stated.

61. The first sentence is admitted. The second sentence is denied.

62. Denied.

63. It is admitted Defendant Officers did not give a verbal indication they were going to shoot at Mr. Setzer prior to firing at Mr. Setzer. Except as admitted, denied.

4905-8955-9153, v. 1

64. The first sentence is admitted. The second sentence is denied as stated.

65. Admitted.

66. Admitted.

67. It is admitted Mr. Setzer died from being shot by officers. Except as admitted, denied.

### Post-Incident Investigation by Hickory Police Department and North Carolina State Bureau of Investigation

68. It is admitted that the Officers involved completed the required written reports describing the events leading to the shooting. Except as admitted, denied.

69. Admitted.

70. Denied.

71. The initial reports are written documents that speak for themselves, as well as the audio from body cam footage. Except as admitted, this paragraph is denied.

72. The initial report is a written document that speaks for itself. The contents of audio from dispatch speaks for itself. Defendants deny any allegations of the content inconsistent with the written documents or audio from dispatch. Except as admitted, denied.

73. The SBI Interview of Officer Shamseldin was recorded, and the recording speaks for itself. Defendants deny any allegations of the content of the recording inconsistent with the recorded interview of Officer Shamseldin. It

9

4905-8955-9153, v. 1

is admitted Officer Shamseldin saw Mr. Setzer pull a black handgun from his waistband. Except as admitted, denied.

74. The SBI Interview of Officer Shamseldin was recorded, and the recording speaks for itself. Defendants deny any allegations of the content of the recording inconsistent with the recorded interview of Officer Shamseldin. Except as admitted, denied.

75. The allegations in this paragraph constitute a legal or medical conclusion to which no response is required. To the extent a response is deemed necessary, denied.

76. The SBI Interview of Officer Steele was recorded, and the recording speaks for itself. Defendants deny any allegations of the content of the recording inconsistent with the recorded interview of Officer Steele. It is admitted Officer Steele saw Mr. Setzer pull a black handgun from his waistband. Except as admitted, denied.

77. The SBI Interview of Officer Steele was recorded, and the recording speaks for itself. Defendants deny any allegations of the content of the recording inconsistent with the recorded interview of Officer Steele. Except as admitted, denied.

78. The SBI Interview of Officer Steele was recorded, and the recording speaks for itself. Defendants deny any allegations of the content of the recording inconsistent with the recorded interview of Officer Steele. It is admitted

4905-8955-9153, v. 1

Defendant Officers did not see Mr. Setzer shoot into homes. Except as admitted, denied.

79. The SBI Interview of Officer Travis was recorded, and the recording speaks for itself. The report is a written document which speaks for itself. Defendants deny any allegations regarding the content of the recording or report inconsistent with the recorded interview of Officer Travis or his written report. Except as admitted, denied.

80. The SBI Interview of Officer Travis was recorded, and the recording speaks for itself. The report is a written document which speaks for itself. Defendants deny any allegations regarding the content of the recording or report inconsistent with the recorded interview of Officer Travis or his written report. Except as admitted, denied.

81. The SBI Interview of Officer Travis was recorded, and the recording speaks for itself. The report is a written document which speaks for itself. Defendants deny any allegations regarding the content of the recording or report inconsistent with the recorded interview of Officer Travis or his written report. Except as admitted, denied.

82. The allegations in paragraph 82 are denied. The allegations contained in the subparts of paragraph 82 are in reference to what body camera footage shows, which speaks for itself. Defendants deny any allegations of what the body camera footage shows to the extent it is inconsistent with the actual body camera video footage. Except as admitted, denied.

4905-8955-9153, v. 1

83. The SBI Interview of Officer Faison was recorded, and the recording speaks for itself. The report is a written document which speaks for itself. Defendants deny any allegations regarding the content of the recording or report inconsistent with the recorded interview of Officer Faison or his written report. Except as admitted, denied.

84. Denied.

85. The autopsy report is a written document which speaks for itself. Defendants deny any allegations of the substance of that report that are inconsistent with the written document. Except as admitted, denied.

86. It is admitted the shooting occurred in a dark, abandoned lot illuminated by lights from officers and patrol vehicles. Except as admitted, denied.

87. It is admitted Officer Cassidy approached Mr. Setzer's body, placed him in handcuffs, and did not find a firearm on his person. Except as admitted, denied.

88. Admitted.

89. The Body Camera Footage of Defendant Officers speaks for themselves. Defendants deny any allegations of the substance of the footage inconsistent with said footage. It is admitted HPD officers did not locate a firearm on the scene. Except as admitted, the paragraph is denied.

90. Admitted.

91. Admitted.

4905-8955-9153, v. 1

92. It is admitted an SBI agent located a firearm in the area just behind where Mr. Setzer was shot. Except as admitted, denied for lack of information or belief.

93. It is admitted that the firearm was not clearly visible from the area of the shooting. Except as admitted, this paragraph is denied.

94. Denied.

95. It is admitted that the SBI Investigators found multiple spent shell casings at the scene. It is also admitted that the SBI Investigators recovered a SIG Sauer 9 mm belonging to Setzer. Except as admitted, this paragraph is denied.

### *Violations of HPD Policies*

96. It is admitted Hickory Police Department has the policies noted in this paragraph. The Hickory Police Department policies speak for themselves. Defendant Officers deny any allegations inconsistent with the contents of the policies.

97. The Hickory Police Department policies speak for themselves. Defendant Officers deny any allegations inconsistent with the contents of the policies.

98. It is admitted Officer Travis fired his weapon at Mr. Setzer and did not see a weapon in Mr. Setzer's hand when he fired. Except as admitted, denied.

99. Denied.

100. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

4905-8955-9153, v. 1

101. The Hickory Police Department policies speak for themselves. Defendant Officers deny any allegations inconsistent with the contents of the policies.

102. The allegations in this paragraph and its subparts contain legal conclusions to which no response is required. To the extent a response is deemed necessary, denied. It is specifically denied Defendants are liable for any wrongdoing under any statute, law, or theory.

103. The Hickory Police Department policies speak for themselves. Defendant Officers deny any allegations inconsistent with the contents of the policies.

104. It is admitted Officers drew firearms when approaching Mr. Setzer and pursued him on foot once he fled. It is admitted they chased him and shouted profanities during the chase. Except as admitted, denied.

105. Denied.

106. The Hickory Police Department policies speak for themselves. Defendants deny any allegations inconsistent with the contents of the policies.

107. The first two sentences are denied. It is admitted Mr. Setzer fell to the ground and lay motionless at some point after being shot. Except as admitted denied.

108. It is admitted officers continued to fire at Mr. Setzer until they no longer perceived him as a threat. The second sentence is admitted. Except as admitted, denied.

109. Denied.

110. Denied.

14

4905-8955-9153, v. 1

*Autopsy*

111-117. The Autopsy Report prepared by Dr. Tiffany O'Neill, DO and Edward Spencer, Jr. on or about August 16, 2023, speaks for itself. Defendants deny any allegations inconsistent with the contents of the report.

118. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, denied.

## FIRST CAUSE OF ACTION
### Violations of 42 U.S.C. § 1983 – Excessive Force
*(As Against Officer Austin Steele in his Individual Capacity)*

119. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

120. This paragraph does not contain any allegations so no response is required. To the extent a response is deemed necessary, denied.

121. The allegations in this paragraph and subparts constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Steele is liable under any law, statue, or theory.

122. Admitted.

4905-8955-9153, v. 1

123. It is admitted Officer Steele fired multiple shots at Mr. Setzer. It is denied Mr. Setzer was unarmed with his back towards Officer Steele when shots were fired. The remaining allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Steele is liable under any law, statue, or theory.

124. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Steele is liable under any law, statue, or theory.

125. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Steele is liable under any law, statue, or theory.

126. It is admitted that when Officer Steele first encountered Mr. Setzer, he was notified there was a potential active shooter in the area and that there was a suspect who was a white male in a jacket walking west on 2nd Ave SW and yelling. It is admitted Mr. Setzer matched the description of the suspect. Except as admitted, denied.

127. It is admitted that when Officer Steele first encountered Mr. Setzer, he was notified there was a potential active shooter in the area and that there was a suspect who was a white male in a jacket walking west on 2nd Ave

4905-8955-9153, v. 1

SW and yelling.  It is admitted Mr. Setzer matched the description of the suspect.  Except as admitted, denied.

128. The first sentence is admitted. Except as admitted, this paragraph is denied.

129. It is admitted Mr. Setzer initially raised his hands in the air and had no firearm in his hands when Officer Steele issued verbal commands.  Except as admitted, denied.

130. Denied.

131. Denied.

132. It is admitted that Officers Steele and Shamseldin pursued Setzer to a parking lot where there was a small retaining wall. It is also admitted that other HPD officers, including officers Travis and Faison, arrived at the scene. Except as admitted, this paragraph is denied.

133. Denied.

134. Denied.

135. It is admitted the individual Defendants discharged multiple rounds at Mr. Setzer. Except as admitted, this paragraph is denied.

136. It is admitted Officer Steele continued to fire until he no longer perceived Mr. Setzer as a threat. Except as admitted, this paragraph is denied.

137. The allegations in this paragraph and subparts constitute legal conclusions to which no response is required.  To extent a response is deemed

4905-8955-9153, v. 1

necessary denied.  It is specifically denied Officer Steele is liable under any law, statute, or theory.

138. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

139. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

140. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

141. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

142. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

## SECOND CAUSE OF ACTION
### Violations of 42 U.S.C. § 1983 – Excessive Force
*(As Against Officer Isam Shamseldin in his Individual Capacity)*

143. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

4905-8955-9153, v. 1

144. This paragraph contains no allegations so no response is required. To the extent a response is deemed necessary, denied.

145. The allegations in this paragraph and subparts constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Shamseldin is liable under any law, statue, or theory.

146. Admitted.

147. It is admitted the individual Defendants fired multiple rounds at Mr. Setzer. The remaining allegations in the first sentence are denied. The remaining allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Shamseldin is liable under any law, statue, or theory.

148. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Shamseldin is liable under any law, statue, or theory.

149. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Shamseldin is liable under any law, statue, or theory.

4905-8955-9153, v. 1

150. It is admitted that when Officer Shamseldin first encountered Mr. Setzer, he was notified there was a potential active shooter in the area and that there was a suspect who was a white male in a jacket walking west on 2nd Ave SW and yelling. It is admitted Mr. Setzer matched the description of the suspect. Except as admitted, denied.

151. It is admitted that when Officer Shamseldin first encountered Mr. Setzer, he was notified there was a potential active shooter in the area and that there was a suspect who was a white male in a jacket walking west on 2nd Ave SW and yelling. It is admitted Mr. Setzer matched the description of the suspect. Except as admitted, denied.

152. The first sentence is admitted. It is admitted neither officer saw Mr. Setzer with a weapon prior to the chase. Except as admitted, denied.

153. It is admitted Mr. Setzer did not threaten or suggest he would attack officer Shamseldin prior to fleeing. It is admitted Officer Shamseldin jumped from his vehicle, drew his weapon and began chasing Mr. Setzer on foot while yelling commands. Officer Shamseldin does not recall the exact commands he gave. Except as admitted, denied.

154. Denied.

155. Denied.

156. It is admitted that Officers Steele and Shamseldin pursued Setzer to a parking lot where there was a small retaining wall. It is also admitted that

4905-8955-9153, v. 1

other HPD officers, including officers Travis and Faison, arrived at the scene. Except as admitted, this paragraph is denied.

157. Denied.

158. Denied.

159. It is admitted that multiple shots were fired by the individual Defendants. Except as admitted, this paragraph is denied.

160. It is admitted Officer Shamseldin continued to fire until he no longer perceived Mr. Setzer as a threat. Except as admitted, this paragraph is denied.

161. The allegations in this paragraph and subparts constitute legal conclusions to which no response is required. To the extent a response is deemed necessary denied. It is specifically denied Officer Shamseldin is liable under any law, statute, or theory.

162. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

163. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

164. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

4905-8955-9153, v. 1

165. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

166. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

**FIRST CAUSE OF ACTION**
**Violations of 42 U.S.C. § 1983 – Excessive Force**
*(As Against Officer Aaron Travis in his Individual Capacity)*

167. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

168. This paragraph does not contain any allegations so no response is required. To the extent a response is deemed necessary, denied.

169. The allegations in this paragraph and subparts constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Travis is liable under any law, statue, or theory.

170. Admitted.

171. It is admitted the individual Defendants fired multiple rounds at Mr. Setzer. The remaining allegations in the first sentence are denied. The remaining allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

4905-8955-9153, v. 1

It is specifically denied that Officer Travis is liable under any law, statue, or theory.

172. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Travis is liable under any law, statue, or theory.

173. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied. It is specifically denied that Officer Travis is liable under any law, statue, or theory.

174. It is admitted that when Officer Travis arrived on scene, he was notified there was a potential active shooter in the area and that there was a suspect who was a white male in a jacket walking west on 2nd Ave SW and yelling. Except as admitted, denied.

175. It is admitted that when Officer Travis arrived on scene, he was notified there was a potential active shooter in the area and that there was a suspect who was a white male in a jacket walking west on 2nd Ave SW and yelling. Except as admitted, denied.

176. It is admitted that Officers Steele and Shamseldin were already pursuing Mr. Setzer on foot at the time Officer Travis made visual contact with Mr. Setzer. It is admitted other HPD officers were arriving on scene around the same time. Except as admitted, the paragraph is denied.

4905-8955-9153, v. 1

177. The SBI Interview of Office Travis speaks for itself. Defendants deny any allegation describing the interview that is inconsistent with the content of the interview recording. Except as admitted this paragraph is denied.

178. The Body Camera Footage speaks for itself. Defendant deny any allegation of the depiction on the BWC that is inconsistent with the content in the BWC. Except as admitted, this paragraph and subparts are denied.

179. The first sentence is denied for lack of information or belief. The second sentence is denied.

180. Denied.

181. The allegations in this paragraph and subparts constitute legal conclusions to which no response is required. To the extent a response is deemed necessary denied. It is specifically denied Officer Travis is liable under any law, statute, or theory.

182. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied.

183. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied..

4905-8955-9153, v. 1

184. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied..

185. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied..

186. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent that a response is deemed necessary, denied..

## FOURTH CAUSE OF ACTION
### Assault & Battery
*(As Against Defendant Officers in their Individual and Official Capacities and Defendant City of Hickory)*

187. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

188. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

189. It is admitted Defendants intentionally fired multiple shots at Mr. Setzer.  Except as admitted, denied.

190. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

4905-8955-9153, v. 1

191. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

192. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

193. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

194. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

195. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

196. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

197. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

4905-8955-9153, v. 1

198. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

## FIFTH CAUSE OF ACTION
### Wrongful Death (Intentional)
*(As Against Defendant Officers in their Individual and Official Capacities and Defendant City of Hickory)*

199. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

200. Denied for lack of information or belief.

201. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

202. Denied, due to lack of knowledge or belief.

203. Denied, due to lack of knowledge or belief.

204. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

205. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

## SIXTH CAUSE OF ACTION
### Survival Action – Pleaded in the Alternative Pursuant to North Carolina Rule of Civil Procedure 8(d)(2)
*(As Against Defendant Officers in their Individual and Official Capacities and Defendant City of Hickory)*

27

4905-8955-9153, v. 1

206. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

207. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

208. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

209. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

210. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

## **SEVENTH CAUSE OF ACTION**
**Wrongful Death Negligence/Gross Negligence – Pleaded in the Alternative Pursuant to the North Carolina Rule of Civil Procedure 8(d)(2)**
*(As Against Defendant Officers in their Individual and Official Capacities and Defendant City of Hickory)*

211. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

4905-8955-9153, v. 1

212. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

213. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

214. The allegations in this paragraph and its subparts constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied..

215. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

216. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

217. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

218. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

4905-8955-9153, v. 1

219. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

220. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

## EIGHTH CAUSE OF ACTION
### Negligence *Per Se*
*(As Against Defendant Officers in their Individual and Official Capacities and Defendant City of Hickory)*

221. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

222. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

223. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

224. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

225. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

226. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

227. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

228. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

229. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

230. This paragraph does not contain any allegations so no response is required. The extent a response is deemed necessary, denied.

231. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

## **NINTH CAUSE OF ACTION**
### **Punitive Damages**
*(As Against Defendant Officers in their Individual and Official Capacities and Defendant City of Hickory)*

4905-8955-9153, v. 1

232. Defendants incorporate their responses to all previous paragraphs as if fully re-stated herein.

233. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

234. The allegations in this paragraph constitute legal conclusions so no response is required. To the extent a response is deemed necessary, denied.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, ARE DENIED.

## FIFTH AFFIRMATIVE DEFENSE

If the Defendants are found negligent, which is specifically denied, then the negligence of one or more other parties intervened or superseded thus breaking the chain of causation and becoming the sole proximate cause of the alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE

If it is determined the Defendants were in any way negligent or otherwise liable, all of which has been and is once again denied, then it is alleged that Plaintiff was also negligent; that the negligence of Plaintiff was a proximate cause of the injuries and damages; and, that such negligence constitutes contributory negligence and is pled in complete bar of any purported right of Plaintiff's to recover anything of the Defendants by way of this action.

## SEVENTH AFFIRMATIVE DEFENSE

4905-8955-9153, v. 1

Defendants allege that at all times relevant to this action, they were acting without malice and with a good faith belief that its duties were carried out in accordance with the Laws and the Constitution of the United States and the State of North Carolina.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not engage in, promote or further any policy or practice which deprived Mr. Setzer of any rights secured by the Constitution or laws of this land.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that it deprives Defendants of property without due process of law; further the claim for punitive damages is violative of the Fourteenth Amendment of the United States concerning protection; and the punitive damages claim is further in violation of the Eighth Amendment of the Constitution of the United States prohibiting imposition of excessive fines.

## RESERVATION AND NON-WAIVER

The Defendants reserve and does not waive any additional further defenses as may be revealed by additional information that may be acquired in discovery otherwise.

WHEREFORE, having fully answered each and every allegation contained in the Plaintiff's Complaint, the Defendants pray unto the Court as follows:

4905-8955-9153, v. 1

1.      That Plaintiff recover nothing of the Defendants;

2.      For the dismissal of Plaintiff's action with prejudice;

3.      For the cost of defending this action, including reasonable attorney fees;

4.      For such other and further relief as the Court may deem just and proper; and

5.      For a trial by jury of all issues triable herein.


This 31st day of October 2025.

CRANFILL SUMNER LLP


BY:     */s/Jake W. Stewart*
        Jake W. Stewart, NC Bar #51157
        Ariella Z. Walsh, NC Bar #55047
        *Attorneys for Defendants*
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        jstewart@cshlaw.com
        awalsh@cshlaw.com

4905-8955-9153, v. 1

# <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANTS' ANSWER TO COMPLAINT,** with the Clerk of Court using the CM/ECF system serving the same on all parties as follows:

| | |
|---|---|
| M. Anthony Burts II<br>Kathryn Roseman<br>*Attorney for Plaintiff*<br>P.O. Box 102<br>Newton, NC 28658<br>Telephone: (704) 751-0455<br>Facsimile: (704) 413-3882<br>anthony@burtslaw.com<br>katie@burtslaw.com | Michael L. Littlejohn, Jr.<br>*Attorney for Plaintiff*<br>227 W. 4th Street<br>Charlotte, NC 28202<br>Telephone: (704) 332-4581<br>Facsimile: (704) 625-9396<br>Email: mll@littlejohn-law.com |
| Justin Ramey<br>*Attorney for Plaintiff*<br>P.O. Box 1462<br>Newton, NC 28658<br>Telephone: (828) 382-8229<br>Facsimile: (980) 243-7066<br>Email:  justin@jrameylaw.com | |

This 31st day of October 2025.

CRANFILL SUMNER LLP


BY:    /s/*Jake W. Stewart*
             Jake W. Stewart, NC Bar #51157
             Ariella Z. Walsh, NC Bar #55047
             *Attorneys for Defendants*
             P.O. Box 30787
             Charlotte, NC 28230
             Telephone (704) 332-8300
             Facsimile (704) 332-9994
             jstewart@cshlaw.com
             awalsh@cshlaw.com

4905-8955-9153, v. 1