UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
WDNC Civil Action No. 5:25-cv-00154-KDB-SCR

| | | |
|---|---|---|
| BONNIE ALEMETA-CHRISTINA TOLLEY, as Administrator of the ESTATE OF TIMOTHY CRAIG SETZER, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE CITY OF HICKORY, Officer AARON CAINE TRAVIS, in his individual and official capacities, Officer AUSTIN RYAN STEELE, in his individual and official capacities, and Officer ISAM GAMAL SHAMSELDIN, in his individual and official capacities, | ) ) ) ) ) ) ) ) | **CONSENT PROTECTIVE ORDER** |
| Defendant. | ) ) | |

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to i) employee personnel matters; ii) records of criminal investigations; and/or iii) law enforcement agency recordings which may be may be disclosed only under court order, pursuant to N.C. Gen. Stat. §§ 160A-168, 132-1.4 and 132-1.4A, respectively. Plaintiff also seeks documents related to the named defendant law enforcement officers' law enforcement employment information, and these documents may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 160A-168. Additionally, the disclosure of photographs, audio and/or video recordings made pursuant to autopsy may be controlled by court order pursuant to N.C. Gen. Stat. §132-1.8. These documents and information collectively are referred to herein as "Confidential Information." The parties have

sought such an order to be in compliance with these statutes and to protect the safety, security and integrity of the City of Hickory Police Department and privacy interests of others.

By consent, IT IS HEREBY ORDERED THAT:

1. Upon proper request pursuant to Federal Rules of Civil Procedure, the Parties may obtain Confidential Information.

2. Any such Confidential Information obtained in this action shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL" or a comparable notice. Any party may object to a designation of any documents or information as "CONFIDENTIAL" by any other party. After an objection is made to any designation according to this paragraph, the designated documents or information shall be treated according to the designation and not disclosed as set forth in paragraph 5 below, until the matter is resolved according to the procedures described in paragraph 10 below.

3. Any designation of material as "CONFIDENTIAL" under this Protective Order shall be made only after a good-faith determination that the material qualifies for protection under applicable law and this Order. A producing party shall not designate material as "CONFIDENTIAL" for an improper purpose, including to unnecessarily restrict access, impede discovery, or conceal information that does not legitimately warrant confidential treatment. Confidentiality designations shall be narrowly tailored to cover only those portions of documents, testimony, or materials that legitimately require protection. Blanket or indiscriminate designations are prohibited. The producing party bears the burden of establishing that any designated material is entitled to confidential treatment.

4912-9122-4444, v. 1

4. No document or information that is public under North Carolina law, including materials publicly available pursuant to N.C. Gen. Stat. § 132-1 et seq. may be designated as "CONFIDENTIAL."

5. In the absence of further order of this Court, Confidential Information obtained in accordance with the provisions of paragraph 2 shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) any mediator or other neutral retained or appointed to assist the parties in resolving this action; (iv) the Defendant(s) whose records are produced, (v) all counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (vi) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (vii) witnesses as necessary to prepare for trial or testimony in this action. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual's right to examine confidential records under N.C. Gen. Stat. §160A-168, to the extent permitted by law.

6. Prior to making disclosures to any person set forth in subparagraph 5(vi) and (vii) of this Order, the party disclosing the Confidential Information shall inform any such persons to whom disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by the this Order. The parties shall obtain from such persons a written statement in the form of **Exhibit A**, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained.

4912-9122-4444, v. 1

All Confidential Information, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

7.      If the Court orders, or if counsel for all parties agree, that access to, or dissemination of, information obtained as Confidential Information shall be made to persons not included in paragraph 5 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

8.      Any Confidential Information submitted to the Court in connection with a motion or other proceeding within the purview of this action, and marked in accordance with paragraphs 2 above, shall be submitted along with a concurrently-filed motion to seal.  Any portion of a transcript in connection with this action containing any Confidential Information submitted pursuant to paragraphs 1 and 2 shall be bound separately and filed under seal.  When any Confidential Information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL."

9.      If Confidential Information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel, and without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

4912-9122-4444, v. 1

10.     If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material.  The party who designated the material shall have fifteen (15) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection.  The parties agree the matter will be heard by the Court as soon as the Court is able to hear the matter.

11.     Upon final adjudication of this action, all Confidential Information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be disposed of in the manner provided by a separate final Order to issue from this Court.

12.     This Order is entered without prejudice to any Party seeking further orders from the Court regarding the additional disclosure of, or restriction of, Confidential Information.

This the _____ of _____, 2026.

_____
WESTERN DISTRICT OF NORTH CAROLINA
MAGISTRATE/DISTRICT COURT JUDGE


**AGREED TO BY**:

*/s/M. Anthony Burts II*_____
M. Anthony Burts II, NC Bar #49878
Kathryn Roseman, NC Bar #62632
*Attorneys for Plaintiff*

  */s/Michael L. Littlejohn, Jr.*_____
Michael L. Littlejohn, Jr., NC Bar #49353
*Attorney for Plaintiff*


*/s/Justin Ramey*_____
Justin Ramey, NC Bar #47133
*Attorney for Plaintiff*

4912-9122-4444, v. 1

*/s/Jake W. Stewart*
Jake W. Stewart, NC Bar #51157
Ariella Z. Walsh, NC Bar #55047
*Attorneys for Defendants*

4912-9122-4444, v. 1

EXHIBIT A
**Confidentiality Agreement**

The undersigned acknowledges the reading of and familiarization with the terms of the Consent Protective Order (the "Order") in the matter of *Bonnie Alemetha-Christina Tolley, as Administrator of the Estate of Timothy Craig Setzer, Jr. v. The City of Hickory, et al.* currently pending in the Western District of North Carolina, case number 5:25-cv-00154, and the undersigned further agrees to abide by all terms of said Order and not to reveal or otherwise communicate any of the information disclosed pursuant to the Order, except in accordance with terms of the Order. The undersigned further agrees not to make any use of the information obtained, whether in document or any other form, other than for purposes of evaluation or litigation with respect to this matter, and further agrees to return to counsel of record or to destroy not later than 30 days after written notification of the termination of this litigation, any and all documents in the possession of the undersigned, containing information which is the subject of this Order. The undersigned further agrees to submit to the jurisdiction of the Western District of North Carolina, including its contempt power, for enforcement of this Order.

_____
(Signature)

_____
(Date)

4912-9122-4444, v. 1